

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

April 22, 1970

Coordinating Board
Texas College and University System
Sam Houston State Office Building
Austin, Texas 78701

Opinion No. M- 611

Re: Meaning of Section
19A of the Texas
Tort Act relative
to the liability of
public junior col-
lege districts.

Gentlemen:

Your recent letter requests our opinion relative to the Texas
Tort Claims Act[1] (codified by Vernon as Art. 6252-19, V.C.S.)
in answer to

". . . whether Section 19A which makes
this Act applicable to school districts only
as concerns motor vehicles, also serves to
limit the liability of public junior college
districts?"

Section 19A of the Act reads:

"Sec. 19A. The provisions of this Act
shall not apply to school districts except
as to motor vehicles."

Other parts of the Act, in their relevant portions, read
as follows:

"Sec. 2. The following words and
phrases as used in this Act unless a dif-
ferent meaning is plainly required by the
context shall have the following meanings:

"(1) 'Unit of government' or 'units of
government' shall mean the State of Texas and
all of the several agencies of government which
collectively constitute the government of the
State of Texas, specifically including, but not

---

[1]Herein referred to as the Act.

to the exclusion of, other agencies bearing different designations, all departments, bureaus, boards, commissions, offices, agencies, councils, and courts; all political subdivisions, all cities, counties, school districts, . . . and junior college districts; and all institutions, agencies and organs of government whose status and authority is derived either from the Constitution of the State of Texas or from laws passed by the Legislature pursuant to such Constitution. Provided, however, no new unit or units of government are hereby created."   (Emphasis added.)

"Sec. 3.   Each unit of government in the state shall be liable for money damages per personal injuries or death when proximately caused by the negligence or wrongful act or omission of any officer or employee acting within the scope of his employment or office arising from the operation or use of a motor-driven vehicle and motor-driven equipment . . . under circumstances where such officer or employee would be personally liable to the claimant in accordance with the law of this state, or death or personal injuries so caused from some condition or some use of tangible property, real or personal, under circumstances where such unit of government, if a private person, would be liable to the claimant in accordance with the law of this state.  Such liability is subject to the exceptions contained herein, and it shall not extend to punitive or exemplary damages. . . ."  (Emphasis added.)

We are aware of the holding in Shepherd v. San Jacinto Junior College District, 363 S.W.2d 742 (Tex.Sup. 1963), regarding the identity of school districts and junior college districts as regards taxing authority under Article VII, Section 3, Texas Constitution.  However, the Texas Tort Claims Act specifically requires a liberal construction (Sec. 13) and the terms of the Act leave us no choice but to conclude that Section 19A does not apply to junior college districts.

You are therefore advised that it is the opinion of this office that a junior college district is exposed to the full liability imposed by the Texas Tort Claims Act.

### S U M M A R Y

Section 19A of the Texas Tort Claims Act provides that the Act shall not apply to school districts except as to motor vehicles. However, this Section does not limit the liability of public junior college districts.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Prepared by Ben M. Harrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Acting Co-Chairman
Malcolm Quick
Houghton Brownlee
Roger Tyler
Louis Neumann
Robert Smith

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED L. WALKER
Executive Assistant

NOLA WHITE
First Assistant